UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ELTON R. JACKSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:05CV1421 RWS |
| DON ROPER, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Elton Jackson's motion for an order of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [#25] and motion to appoint counsel [#24]. Both motions shall be denied.

On April, 3, 2006, Magistrate Judge Buckles entered his Report and Recommendations in this case recommending that Jackson's Petition for Writ of Habeas Corpus be dismissed without further proceedings. On April 19, 2006, Jackson filed his objections to the Report and Recommendations. On April, 24, 2006, Jackson filed a Notice of Appeal of the Report and Recommendations.

The Report and Recommendations is not a final decision from which Jackson can appeal pursuant to 28 U.S.C. § 1291. Because Jackson is pro se, I am construing the Notice of Appeal as if it were a motion for an order of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). I will deny the motion.

Because Jackson objected to the Report and Recommendations of Judge Buckles, I must conduct a de novo review of all matters of the Report and Recommendations to which Jackson objects. After I conduct my review, I will issue a final order as to Jackson's Petition. The right

for the parties to file an appeal will accrue when my final order is issued.

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, I believe that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Elton Jackson's motion for an order of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [#25] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to appoint counsel [#24] is **DENIED**.

Dated this 26th day of April, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE